WO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Aaron Joseph Bishop,

        Plaintiff,

  v.

Paul R. Babeu, et al.,

        Defendants.

No.  CV 14-0371-PHX-SMM (MEA)

**O R D E R**

On February 25, 2014, Plaintiff Aaron Joseph Bishop, who was confined in the Pinal County Jail in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  In a June 6, 2014 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

**I.**    **Application to Proceed *In Forma Pauperis* and Filing Fee**

On November 10, 2014, Plaintiff filed a Notice of Change of Address, indicating he was no longer incarcerated (Doc. 16).  At that time, Plaintiff still owed $338.24 towards his filing fee.  Accordingly, in a November 21, 2014 Order, the Court ordered Plaintiff to either pay the remainder of the filing fee within 30 days or file a *non*-prisoner application to proceed *in forma pauperis* (Doc. 17).

On December 23, 2014, Plaintiff filed a *non*-prisoner Motion to Proceed *In Forma Pauperis* and Supporting Information (Doc. 19), indicating that he is not working and he

JDDL-K

1   has no money or assets.  The Court will grant the Motion to Proceed and permit Plaintiff

2   to proceed without paying the remainder of the filing fee.

3   **II.      Motions for Extension of Time to File a First Amended Complaint**

4          Following the Court's June 6, 2014 Order dismissing the Complaint with leave to

5   Amend, Plaintiff filed three Motions for Extension of Time to File a First Amended

6   Complaint (Docs. 11-13).  On July 1, 2014, Plaintiff requested a 30-day extension due to

7   medical issues and difficulty accessing the law library; on July 29, 2014, he requested an

8   additional 45-day extension due to continued medical issues and limited access to legal

9   materials; and on September 11, 2014, he requested an additional 7-day extension, which

10  he appears to have sought in place of the additional 45-day extension.  On the same day

11  that Plaintiff requested the 7-day extension, he also filed his First Amended Complaint

12  (Doc. 14).  The Court will grant the Motions for 30- and 7-day extensions (Docs. 11, 13),

13  rendering the First Amended Complaint timely; deny the Motion for a 45-day extension

14  as moot (Doc. 12); and dismiss the First Amended Complaint with leave to amend.

15  **III.     Statutory Screening of Prisoner Complaints**

16         The Court is required to screen complaints brought by prisoners seeking relief

17  against a governmental entity or an officer or an employee of a governmental entity.  28

18  U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

19  has raised claims that are legally frivolous or malicious, that fail to state a claim upon

20  which relief may be granted, or that seek monetary relief from a defendant who is

21  immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

22         A pleading must contain a "short and plain statement of the claim *showing* that the

23  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8

24  does not demand detailed factual allegations, "it demands more than an unadorned, the-

25  defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

26  (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

27  conclusory statements, do not suffice."  *Id.*

28

JDDL-K

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.   Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).   A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**IV.   First Amended Complaint**

In his single-count First Amended Complaint, Plaintiff sues Pinal County Sheriff Paul Babeu, and Pinal County.  Plaintiff seeks declaratory and monetary relief.

Plaintiff asserts violations of his Eighth Amendment Right to be free from cruel and unusual punishment and violations of the Fourteenth Amendment due process clause. Plaintiff's claim stems from an incident on February 22, 2013, in which he alleges he fell from his assigned upper bunk when his "back failed," causing him to collapse to the floor

and to injure his left knee.  Plaintiff alleges that when he was first taken to the Pinal County Jail, he informed "medical staff" that he had suffered from a back injury while incarcerated at the Arizona Department of Corrections ("ADOC").  He told them that the injury and a "lower bunk waiver" were documented in his ADOC file.  He further informed medical staff that he had been prescribed medication for chronic back pain which limited his ability to walk any distance or travel up and down stairs, and he could not climb in and out of an upper bunk without severe back pain and the risk of lower back failure.  Plaintiff alleges that he "repeatedly complained" to medical staff about needing to be placed on a lower bunk, but they only increased his pain medication instead. Plaintiff alleges that after he fell and severely injured his knee, "Pinal County medical" did not treat him for 24 days, leaving him in excruciating pain and still assigned to an upper bunk.  He states that after he received care on March 18, 2013, he was taken from the jail for numerous x-rays and an MRI and was seen by Dr. Andrew Jones to discuss the results of these tests and a treatment plan.  According to Plaintiff, Dr. Jones informed him that "there were numerous abnormalities cause[d] by the fall."  Dr. Jones prescribed lidocaine and kenalog injections as a first course of treatment and stated that if these did not work, Plaintiff would need knee replacement surgery.

Plaintiff alleges that on May 10, 2013, he was removed to the custody of ADOC, and ADOC medical staff told him they would continue his medications, but he could not receive surgery because his injury had happened elsewhere.  Plaintiff states that ADOC provided him with continued pain medication, a cane, and a lower bunk waiver.

Plaintiff alleges that "serious injury to left knee was caused by depraved indifference to [his] verified medical needs," and that "Defendants'" delay of medical treatment and failure to provide surgery caused him "extensive injury and unnecessary pain and suffering."

**V.   Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities

and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).   In addition, a plaintiff must allege that **he suffered a specific injury as a result of the conduct of a particular defendant** and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id.*

## A.    Deliberate Indifference Standard

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).   A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.  *Jett*, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).   Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may

1    also be shown when a prison official intentionally denies, delays, or interferes with

2    medical treatment or by the way prison doctors respond to the prisoner's medical needs.

3    *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

4           Deliberate indifference is a higher standard than negligence or lack of ordinary

5    due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor

6    gross negligence will constitute deliberate indifference." *Clement v. California Dep't of*

7    *Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*,

8    622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or

9    "medical malpractice" do not support a claim under § 1983).  "A difference of opinion

10   does not amount to deliberate indifference to [a plaintiff's] serious medical needs."

11   *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care,

12   without more, is insufficient to state a claim against prison officials for deliberate

13   indifference.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407

14   (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of

15   "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

16          **B.      Defendant Babeu**

17          For an individual to be liable in his individual capacity, "[a] plaintiff must allege

18   facts, not simply conclusions, that show that the individual was personally involved in the

19   deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.

20   1998).  Further, there is no *respondeat superior* liability under § 1983, so a defendant's

21   position as the supervisor of someone who allegedly violated a plaintiff's constitutional

22   rights does not make him liable.  *Monell*, 436 U.S. at 691; *Taylor v. List*, 880 F.2d 1040,

23   1045 (9th Cir. 1989) (citation omitted).  A supervisor in his individual capacity "is only

24   liable for constitutional violations of his subordinates if the supervisor participated in or

25   directed the violations, or knew of the violations and failed to act to prevent them."

26   *Taylor*, 880 F.2d at 1045.  Alternatively, for an individual to be liable in his official

27   capacity, a plaintiff must allege injuries resulting from a policy, practice, or custom of the

28

entity over which that individual has final policy-making authority.  *See Cortez*, 294 F.3d at 1188.

Plaintiff does not allege that Defendant Babeu was personally involved in the deprivation of his rights; nor does he allege that, as a supervisor, Babeu participated in violations against Plaintiff, directed anyone else to do so, or knew of any such violations and failed to act to prevent them.  Plaintiff also fails to allege any facts showing that his injuries ensued from a policy, practice, or custom of the Pinal County Jail.  Accordingly, Plaintiff fails to state a claim against Babeu in either his individual or official capacity, and he will be dismissed.

### B.    Pinal County

A municipality, such as a city or county, is a "person" for purposes of § 1983 and may be sued.    *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 166 (1993); *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  However, a municipality may not be sued solely because an injury was inflicted by one of its employees or agents.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  A § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury.  *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

Plaintiff does not allege any facts against Pinal County, nor does he connect his allegedly unconstitutional medical care to any policies maintained by the County.  Accordingly Plaintiff fails to state a claim against Pinal County, and it will be dismissed.

. . .

### VI.    Leave to Amend

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff

may submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint or first amended complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files a second amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  *See Rizzo*, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  **Conclusory allegations that a Defendant or group of**

1   **Defendants has violated a constitutional right are not acceptable and will be**

2   **dismissed**.

3   **VII.    Warnings**

4       **A.    Address Changes**

5         Plaintiff must file and serve a notice of a change of address in accordance with

6   Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion

7   for other relief with a notice of change of address.  Failure to comply may result in

8   dismissal of this action.

9       **B.    Copies**

10        Plaintiff must submit an additional copy of every filing for use by the Court.  *See*

11  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further

12  notice to Plaintiff.

13      **C.    Possible "Strike"**

14        Because the First Amended Complaint has been dismissed for failure to state a

15  claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies

16  identified in this Order, the dismissal may count as a "strike" under the "3-strikes"

17  provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring

18  a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the

19  prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

20  brought an action or appeal in a court of the United States that was dismissed on the

21  grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

22  granted, unless the prisoner is under imminent danger of serious physical injury."  28

23  U.S.C. § 1915(g).

24  . . .

25      **D.    Possible Dismissal**

26        If Plaintiff fails to timely comply with every provision of this Order, including

27  these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963

28

F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's *non*-prisoner Motion to Proceed *In Forma Pauperis* is **granted** (Doc. 19).  Plaintiff may proceed without paying the $338.24 balance of his filing fee.

(2)     Plaintiff's July 1, 2014 and September 11, 2014 Motions for Extension of Time to File a First Amended Complaint are **granted** (Docs. 11, 13).

(3)     Plaintiff's July 29, 2014 Motion for Extension of Time to File a First Amended Complaint is **denied as moo**t (Doc. 12).

(4)     Plaintiff's First Amended Complaint (Doc. 15) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(5)     If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(6)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 2nd day of February, 2015.


Stephen M. McNamee
Senior United States District Judge

JDDL-K

- 10 -

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>      Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

    1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| _____, )<br>(Full Name of Plaintiff)   Plaintiff, )<br> )<br>       vs. )<br> )<br>(1) _____, )<br>(Full Name of Defendant) )<br>(2) _____, )<br> )<br>(3) _____, )<br> )<br>(4) _____, )<br>      Defendant(s). )<br>☐ Check if there are additional Defendants and attach page 1-A listing them. ) | **CASE NO.** _____<br>    (To be supplied by the Clerk)<br><br><br>**CIVIL RIGHTS COMPLAINT**<br>**BY A PRISONER**<br><br>☐ Original Complaint<br>☐ First Amended Complaint<br>☐ Second Amended Complaint |

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    ☐ Other: _____.

2.  Institution/city where violation occurred: _____.

Revised 3/9/07          1          **550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    <span style="text-align:center">(Position and Title)</span>                                    (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    (Position and Title)                                    (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    (Position and Title)                                    (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    (Position and Title)                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?       ☐ Yes       ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities        ☐ Mail           ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings ☐ Property       ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.  **Administrative Remedies:**
   a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                   ☐ Yes   ☐ No
   b.  Did you submit a request for administrative relief on Count I?         ☐ Yes   ☐ No
   c.  Did you appeal your request for relief on Count I to the highest level? ☐ Yes   ☐ No
   d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities      ☐ Mail          ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count II?          ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes   ☐ No
    b.   Did you submit a request for administrative relief on Count III?    ☐ Yes   ☐ No
    c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes   ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                  DATE                             SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6